John Whitney and Grace H. Whitney, Husband and Wife v. Commissioner.
Whitney v. Commissioner
Docket No. 6210.
United States Tax Court
1945 Tax Ct. Memo LEXIS 83; 4 T.C.M. (CCH) 881; T.C.M. (RIA) 45285; September 12, 1945
*83 Benjamin Mahler, Esq., for the petitioners. Clay C. Holmes, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $2,008.08 in the petitioner's income tax for the calendar year 1941. The facts have been stipulated. The petitioner sustained a loss of $12.668.98 upon retiring from the partnership of Thomson & McKinnon. The Commissioner has held that this was a long-term capital loss and has allowed 50 per cent thereof, or $6,334.49, as a deduction. The petitioner contends that $8,916.66 thereof was an ordinary loss deductible in full. [The Facts] The petitioner is an individual. He filed his return for the year 1941 with the collector of internal revenue for the second district of New York. A partnership stock brokerage business has been carried on for a number of years in New York under the name of Thomson & McKinnon. The firm has had seats on various exchanges. The petitioner became a member of the partnership in August 1938 and he continued as a partner in the business until December 31, 1941. There were several changes in the partnership during that period. The firm revalued its exchange seats *84 every time there was a change in the partnership interests. The seats were marked up or down to reflect their then market value each time there was a change, and the capital account of each partner was adjusted up or down to reflect his interest in the seats. Likewise, the firm made appropriate entries in the account of each partner to show gain or loss whenever exchange seats were sold. The following table shows the various adjustments made to the petitioner's account to reflect these changes: Date of
Net
Adjustment
Write-down
Net Write-up
11/30/38
$ 1,885.72
12/31/38
548.45 4/30/39
2,254.00
12/31/39
5,971.85 6/30/41
1,303.92
12/31/41
1,390.77
12/31/39
$ 30.41 6/30/41
655.32
Totals
$13,354.71
$685.73
Net Write-down
$12,668.98 The petitioner did not claim any deduction on his returns for 1938 and 1939 on account of any of these adjustments. The last partnership in which the petitioner joined was formed on June 30, 1941 and was to expire on December 31, 1941. The petitioner then retired from the partnership. The firm continued and others bought out the petitioner's interest. The petitioner, on December 31, 1941, received cash *85 representing the capital invested by him in 1938, reduced by $12,668.98, representing his proportion of the net write-downs and losses on the exchange seats, and also adjusted for other items not here in controversy. The respondent relies upon the case of , affirmed per curiam by the . There a partner had withdrawn from a partnership and the business was continued by others. The Commissioner had held that the loss of the retiring partner was a capital loss and his determination was sustained. The petitioner here says that this case is distinguishable, but we do not agree. He first tries to show that this case is like the cases of , and , affirmed . It was held in the Doyle case that the income in question represented payment to petitioner Doyle of his share of fees for services which he had performed while a member of a law partnership, and that the entire amount was taxable as ordinary income and not as capital gain. It was held in the *86 Smith case that a so-called purchase of a retiring legal partner's share in earnings to be received in the future for his past services did not make the cash received by him taxable as capital gain. The amount which the present petitioner received was not for services rendered by him but was for his capital investment in the business, including his interest in various assets of the business. Thus, the two cases cited by the petitioner are not in point. The petitioner next attempts to distinguish the McClellan case. One distinction he mentions is that McClellan retired before the expiration of the term of the partnership and without giving the notice required by the partnership, whereas the petitioner retired upon the expiration of the term of the partnership. How this could possibly distinguish the cases the petitioner does not point out and we would not know. He urges as another distinction the fact that the petitioner had no interest in the firm name and good will of this partnership and no such provision appeared in the McClellan partnership agreement. This difference is of no consequence because although the petitioner had no interest in the firm name and good will, nevertheless, *87 he had an interest in other assets of the business and those he sold after having held them for some time. The other distinction which the petitioner attempts to make between this case and the McClellan case is that McClellan had been a partner of his firm for four years before retiring, whereas the last firm of which the petitioner had been a member had existed for only six months and McClellan's entire loss resulted from his retirement from the firm, whereas only $1,390.77 of the petitioner's loss resulted from his retirement from the last firm of which he was a member. The point which the petitioner is attempting to make is that all but $1,390.77 of the total loss involved herein was charged against the petitioner's capital account in prior firms. This argument, if sound and carried to its logical conclusion, would deprive the petitioner of a large part of the loss which the Commissioner has allowed him. The conclusion would then be, as the petitioner himself says, that his "losses were, therefore, actually sustained and became definite and fixed when the charges were made." He contends, as a part of this argument, that the petitioner's interest in the firm was held for only six *88 months and that the prior period should not be tacked on. If there is no reason to tack on the prior period, then there is no reason to use the original basis. He goes on to say, however, that these losses were nondeductible for tax purposes due to the fact that he continued with the succeeding partnership. We are unable to follow his argument to the conclusion that the Commissioner has allowed him too small a deduction for 1941. Apparently, the Commissioner's theory is that as new firms were formed in which the petitioner continued as a partner, he had received a distribution in kind of his share of the assets of the old firm, had contributed them to the new firm, and, for the time being, had no gain or loss. The Commissioner has apparently made the adjustments in this case consistently with those that he makes in similar cases. The petitioner has failed to show that the Commissioner granted him too small a deduction. Decision will be entered for the respondent.